IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jason H.,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Leland Dudek,[2] ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | C/A No. 6:24-cv-5698-DCC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.), concerning the disposition of Social Security cases in this District, and 28 U.S.C. § 636(b)(1)(B).[3] The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

Applicable to the instant matter, the plaintiff filed an application for disability insurance benefits ("DIB") on October 18, 2021, alleging that he became unable to work on July 17, 2019 (Tr. 209–15). The application was denied initially (Tr. 91–99) and on

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.

[2] On February 16, 2025, Leland Dudek became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for defendant Martin J. O'Malley, who was the Commissioner of Social Security when this action was filed.

[3] A report and recommendation is being filed in this case in which one or both parties declined to consent to disposition by the magistrate judge.

reconsideration (Tr. 100–08) by the Social Security Administration. On March 15, 2023, the plaintiff requested a hearing (Tr. 124–25). On December 5, 2023, an administrative hearing was held at which the plaintiff, represented by counsel, and Amy Vuyovich, an impartial vocational expert, appeared and testified via telephone before the administrative law judge ("ALJ") assigned to the case (Tr. 34–65). On March 12, 2024, the ALJ considered the case *de novo* and found that the plaintiff was not under a disability as defined in the Social Security Act, as amended (Tr. 17–33). The ALJ's decision also noted that *res judicata* applied to bar the plaintiff's DIB claim for the period from July 17, 2019, to August 16, 2021, based on a prior ALJ decision that the plaintiff did not appeal (Tr. 17). The ALJ's finding became the final decision of the Commissioner of Social Security when the Appeals Council denied the plaintiff's request for review on August 12, 2024 (Tr. 1–4). The plaintiff then filed this action for judicial review (doc. 1).

In making the determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

> (1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.
>
> (2) The claimant has not engaged in substantial gainful activity since August 17, 2021, the amended onset date (20 C.F.R. § 404.1571 *et seq*.).
>
> (3) The claimant has the following severe impairments: lumbar degenerative disc disease and arthropathy; osteoarthritis of knee (20 C.F.R. § 404.1520(c)).
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).
>
> (5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except with the following limitations: The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. He is able to stand and walk a total 2 hours in an 8-hour workday and is able to sit for 6 hours. He can occasionally climb ramps and stairs and occasionally balance,

2

stoop, kneel, crouch, and crawl. He is not able to climb ladders, ropes, or scaffolds. He can occasionally reach overhead with the dominant right upper extremity and frequently reach all other directions with the right upper extremity. He is able to tolerate frequent exposure to extreme heat, cold, and humidity. He cannot tolerate exposure to hazards such as uneven terrain, unprotected heights, and heavy moving machinery that requires agility or alertness to avoid or evade. He cannot operate motor vehicles. He is able to sustain concentration, persistence, and pace to stay on task to complete simple, routine, repetitive tasks.

(6)  The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

(7)  The claimant was born on March 21, 1976, and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 C.F.R. § 404.1563).

(8)  The claimant has at least a high school education (20 C.F.R. § 404.1564).

(9)  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10)  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569a).

(11)  The claimant has not been under a disability, as defined in the Social Security Act, from August 17, 2021, through the date of this decision (20 C.F.R. § 404.1520(g)).

The only issues before the court are whether proper legal standards were applied and whether the final decision of the Commissioner is supported by substantial evidence.

## **APPLICABLE LAW**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that meets or medically equals an impairment contained in the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1, (4) can perform his past relevant work, and (5) can perform other work. *Id.* § 404.1520. If an individual is found disabled or not disabled at any step, further inquiry is unnecessary. *Id.* § 404.1520(a)(4).

A claimant must make a *prima facie* case of disability by showing he is unable to return to his past relevant work because of his impairments. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). Once an individual has established a *prima facie* case of disability, the burden shifts to the Commissioner to establish that the plaintiff can perform alternative work and that such work exists in the national economy. *Id.* (citing 42 U.S.C. § 423(d)(2)(A)). The Commissioner may carry this burden by obtaining testimony from a vocational expert. *Id.* at 191–92.

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or

substitute [its] judgment for that of the [Commissioner]." *Id*. Consequently, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## ANALYSIS

The plaintiff, who was 43 years old on the original alleged disability onset date, seeks disability based upon impairments that limit his ability to work. He has past relevant work experience as a building maintenance repairer, electrician, diesel mechanic, and construction equipment mechanic (Tr. 27). The plaintiff argues that the ALJ erred by finding the plaintiff's mental impairments non-severe (doc. 11 at 18–20). The Commissioner, on the other hand, asserts that the ALJ's decision is supported by substantial evidence and should be affirmed (doc. 12 at 7–13).

As an initial matter, of note, the plaintiff has not challenged the ALJ's finding that *res judicata* bars any claim for DIB benefits for the period of July 17, 2019, through August 16, 2021, based on an unchallenged prior disability decision (Tr. 17). As such, in evaluating the ALJ's decision, the relevant period under consideration is August 17, 2021, through the date of the decision.

### *Step Two*

As noted, the plaintiff argues that the ALJ erred by finding the plaintiff's mental impairments non-severe (doc. 11 at 18–20). However, the plaintiff has referenced little to no record evidence in support of his assertion, relying on a boilerplate reference to the medical summary that comprises the majority of the plaintiff's brief, with little analysis of the four functional areas examined by the ALJ (doc. 11 at 18–20). Indeed, although the plaintiff's reply brief provides a little more detail to the plaintiff's assertion of error, the plaintiff has still failed to address the four areas of mental functioning, and failed to provide reference to record evidence regarding the plaintiff's specific mental functioning – meaning that the plaintiff has raised this issue in a perfunctory manner. Courts have held that when

5

a plaintiff raises an issue in a perfunctory manner, the issue is deemed waived. *See Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th Cir. 2016) (noting that the plaintiff's "perfunctory argument" was arguably abandoned (citing *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue)); *Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (finding that issues raised in a perfunctory manner "without elaboration or legal argument" "unaccompanied by some effort at developed argumentation" were deemed waived (internal citations and quotation marks omitted)); *Parms v. Colvin*, C/A No. 1:13-cv-01002, 2015 WL 1143209, at *8 n.10 (M.D.N.C. Mar. 13, 2015) (noting that the "Court need not address . . . perfunctory arguments by counsel), *memorandum and recommendation adopted by* doc. 32 (M.D.N.C. Mar. 31, 2015).  Indeed, the court is not required to rummage through the administrative record to construct and present a well-supported position for the plaintiff.  *See Hayes v. Self-Help Credit Union*, C/A No. 1:13-cv-00880, 2014 WL 4198412, at *2 (M.D.N.C. Aug. 22, 2014) (noting that "[i]t is not the role or the responsibility of the Court to undertake the legal research needed to support or rebut a perfunctory argument (internal citations omitted)). Nevertheless, despite the perfunctory nature of the plaintiff's arguments, the undersigned will address the ALJ's determination that the plaintiff's mental impairment was non-severe.

A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).  "Basic work activities" are "the abilities and aptitudes necessary to do most jobs," examples of which include "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling."  *Id.* § 404.1522.  In short, the "inquiry is a *de minimis* screening device to dispose of groundless claims." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).  An ALJ must consider all of a claimant's medically determinable impairments, even those that are not severe, in the residual functional capacity ("RFC")

assessment. 20 C.F.R. § 404.1545(a)(2). If an ALJ commits error at step two, it can be rendered harmless if "the ALJ considers all impairments, whether severe or not, at later steps." *Robinson v. Colvin*, C/A No. 4:13-cv-823-DCN, 2014 WL 4954709, at *14 (D.S.C. Sept. 29, 2014) (citing *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008)); *see also Washington v. Astrue*, 698 F. Supp.2d 562, 580 (D.S.C. 2010) (holding that there is "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment in subsequent steps"). For the reasons that follow, the undersigned finds that substantial evidence supports the ALJ's determination that the plaintiff's mental impairment was non-severe.

In evaluating whether the plaintiff's mental impairments were severe, the ALJ examined the four areas of mental functioning, finding that the plaintiff had mild limitations in understanding, remembering, or applying information; mild limitations in interacting with others; mild limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing himself (Tr. 20). The ALJ concluded that the plaintiff's mental impairments were non-severe because they did not cause more than a "mild" limitation in any of the four functional areas (Tr. 20). Despite the foregoing, the plaintiff argues that the ALJ should have found his mental impairments severe based on the plaintiff's subjective reports and adjustments to his attention deficit hyperactivity disorder ("ADHD")[4] treatment (doc. 11 at 18–20). The undersigned finds the plaintiff's arguments unavailing.

As an initial matter, diagnosis alone does not establish that an impairment is severe; instead, as outlined below with respect to the four functional areas, the functional limitations caused by an impairment are evaluated to determine severity. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (citation omitted) (noting that a diagnosis

---

[4] The plaintiff's treatment records refer to this diagnoses both as ADHD as well as attention deficit disorder ("ADD"). For ease of reference, this report and recommendation refers to the plaintiff's mental impairments collectively as ADHD.

7

alone does not establish disability; rather, the plaintiff needed to prove a related functional loss stemming from the diagnosis). Further, to the extent the plaintiff in his reply brief – relying on *Shelly C. v. Commissioner of Social Security Administration*, 61 F.4th 341 (4th Cir. 2023) (noting that an ALJ cannot rely on the absence of objective medical evidence to discredit a claimant's subjective complaints of pain or other symptoms when evaluation subjective complaints involving chronic depression) – argues that the ALJ should have found severe mental impairments based on the plaintiff's subjective reports and the subjective nature of mental health conditions, the plaintiff failed to argue error with respect to the ALJ's consideration of the plaintiff's subjective complaints in the initial brief. Thus, any challenge to the ALJ's consideration of the plaintiff's subjective complaints has been waived. *Shinaberry v. Saul*, 952 F.3d 113, 124 n.5 (4th Cir. 2020) (noting that a plaintiff waived review of a claim by failing to raise it in her initial brief). Further, the plaintiff has not alleged that he suffers from depression, which is the impairment specifically addressed in *Shelly C. Shelly C.*, 61 F.4th at 368–69. Accordingly, as the ALJ found that the plaintiff's subjective complaints were not entirely consistent with the record evidence (*see* Tr. 23), the plaintiff may not rely on them to argue that the ALJ should have found a severe mental impairment. Despite the foregoing, the undersigned will also address each area of mental functioning in turn.

The first functional area is understanding, remembering, or applying information. In this area, as noted, the ALJ found mild limitations (Tr. 20). The ALJ noted that the plaintiff reported trouble with instructions, tasks, paying bills, and with memory, but also that the plaintiff's medical providers found intact memory (Tr. 20). The ALJ also noted that the plaintiff was able to provide information about his health to his providers (and follow his providers' instructions) (Tr. 20). The plaintiff does not argue any specific limitations regarding this area of functioning, but the plaintiff reported memory trouble on his function report (Tr. 271). However, the plaintiff reported preparing simple meals, driving when

necessary, and reading books/magazines (Tr. 267–70). Moreover, as recognized by the ALJ in finding no more than mild limitations in this functional area, the plaintiff's treatment records all noted normal recent and remote memory (Tr. 326, 328, 332, 410), and the plaintiff did not report to any medical providers that he had difficulty with memory (*see* Tr. 320–35, 347–85, 408–12, 414–97, 500–19, 527–54, 566–72, 617–80). Further, the plaintiff's ADHD was regularly noted as stable and/or doing well (Tr. 324–35, 408–12, 414–17, 500–19, 527–54, 622). As noted, beyond general references to the plaintiff's ADHD treatment, the plaintiff has not argued or referenced record evidence regarding his abilities in this functional area. As such, substantial evidence supports the ALJ's determination that the plaintiff had no more than mild functional limitations in understanding, remembering, or applying information.

The second functional area is interacting with others, and the ALJ found that the plaintiff had mild limitations in this area (Tr. 20). The ALJ noted that the plaintiff had no complaints regarding this functional area, his medical records noted a normal affect and appropriate responses to questions, and the plaintiff reported spending time with others in his function report (Tr. 20). Again, the plaintiff has not provided reference to any treatment records or other record evidence supporting a limitation in this functional area other than one notation of irritability by the plaintiff (*see* doc. 13 at 5). However, as noted by the ALJ, although the plaintiff's treatment records noted two instances of increased stress secondary to caring for the plaintiff's family members with health problems (in June and September of 2022), the plaintiff was noted in the remainder of his medical records as having a normal/appropriate mood and affect (Tr. 322, 325–26, 328–29, 331–32, 349, 353–54, 357, 360, 363, 365, 367, 372, 374, 377, 379, 382, 385, 410, 416, 419, 421, 428–29, 493, 495, 497, 505, 543, 622). The plaintiff also noted in his function report that he did not have trouble getting along with others, that he attended events for his kids and at church, as well as that people visited with him once or twice a week (Tr. 270–71). In light of the foregoing,

the ALJ's determination that the plaintiff had no more than mild limitations in this functional area is supported by substantial evidence and should be affirmed.

In the third functional area of concentrating, persisting, and maintaining pace, the ALJ found that the plaintiff had mild limitations (Tr. 20). The ALJ noted that the plaintiff reported difficulty concentrating secondary to ADHD, but the plaintiff also testified that his ADHD medications helped him focus (Tr. 20). The ALJ also noted that the plaintiff's treatment records noted successful ADHD treatment (Tr. 20). The plaintiff argues that the ALJ should have found additional limitations in this functional area secondary to the plaintiff's subjective complaints as well as reports of his ongoing treatment for ADHD and the medication adjustments required (doc. 11 at 18–20). As noted above, the plaintiff waived any error with respect to the consideration of his subjective complaints, and the ALJ found them not entirely consistent with the record evidence (Tr. 23); thus, the plaintiff's subjective complaints alone do not undermine the ALJ's determination that the plaintiff had no more than mild limitations in this functional area. Moreover, a review of the treatment records referenced by the plaintiff in his reply brief – along with the other record evidence addressed by the ALJ – reveals that the plaintiff's ADHD did not cause more than mild limitations in concentrating, persisting, and maintaining pace. For example, the plaintiff testified that he struggled with watching television and reading, but that the difficulty was secondary to drowsiness caused by his medications, not his ADHD (Tr. 57, 59).[5] Further, the plaintiff's treatment records noted stable ADHD, that the plaintiff could answer questions appropriately, had casual thought processes, and had no focal deficits (Tr. 322, 325–26, 328–29, 331–32, 334–35, 349, 353, 357, 360, 363, 365, 367, 372, 374, 377, 379, 382, 385,

---

[5] Based on the plaintiff's testimony that he had difficulty sleeping, chronic pain, and the plaintiff's reported medication side effect of drowsiness, the ALJ noted that an RFC limitation to simple, routine, repetitive tasks was assessed to account for any attention and concentration limitations caused by the plaintiff's chronic pain or medication side effects (Tr. 24).

410, 416, 419, 421, 428–29, 493, 494, 497, 505, 542–43, 622). As noted, other than referencing treatment notes of ongoing treatment for ADHD (although the plaintiff does not mention notations that the plaintiff's ADHD was stable in those same records), the plaintiff has not referenced record evidence in support of his argument that the ALJ should have assessed greater limitations in this functional area. As such, substantial evidence supports the ALJ's determination that the plaintiff's limitations in the third functional area were no more than mild in nature.

The fourth functional area is adapting and managing oneself. In this domain, the ALJ found no more than mild limitations (Tr. 20). The plaintiff again has not identified specific evidence supporting his assertion that he had more than mild limitations in this area. Additionally, although the plaintiff reported difficulties with his personal care routine in his function report, he did not indicate that he needed help with his personal care routine and instead attributed those difficulties to his physical impairments (*see* Tr. 267). Further, the plaintiff reported being able to make simple meals, driving when necessary, doing minimal household chores, attending church events, and being able to bathe and dress independently with his walk-in shower and wearing easy clothes (Tr. 267–70). The plaintiff was also noted as being cooperative/pleasant and having good personal hygiene during appointments (Tr. 410, 424, 428, 437, 447, 457, 466, 477). Additionally, although the plaintiff indicated that he did not care for his children or pets, he reported to medical providers that he was caring for his parents with health problems (although it did cause some situational stress) (Tr. 267, 321, 324). Accordingly, substantial evidence supports the ALJ's determination that the plaintiff had only mild limitations in this functional area. In light of the foregoing, the undersigned finds that substantial evidence supports the ALJ's determination that the plaintiff's mental impairments were non-severe.

In addition to the foregoing, there is "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment

11

in subsequent steps." *Washington*, 698 F. Supp.2d at 580.  Here, the ALJ specifically indicated that all of the plaintiff's medically determinable impairments – whether severe or non-severe – were considered in crafting the plaintiff's RFC assessment (Tr. 20, 21–27).  The ALJ's decision reflects consideration of the entirety of the record evidence in the RFC assessment; thus, even if the ALJ erred in finding the plaintiff's mental impairments non-severe, the error would be harmless.

## CONCLUSION AND RECOMMENDATION

The Commissioner's decision is based upon substantial evidence and is free of legal error.  Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the Commissioner's decision be affirmed.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

April 23, 2025<br>
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).